UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**OCCU-HEALTH, INC.**                                                              **PLAINTIFF**

**VS.**                                                                  **NO. 1:06-CV-159-LG-RHW**

**MISSISSIPPI SPACE SERVICES,**                                                **DEFENDANTS**
**A JOINT VENTURE OF**
**THE SHAW GROUP and**
**COMPUTER SCIENCES CORPORATION**

## ORDER DENYING MOTION TO DISQUALIFY COUNSEL

Plaintiff, Occu-Health, Inc. ("OHI"), filed this [9] Motion on May 3, 2006, seeking disqualification of defendants' counsel, Chaffe McCall. OHI contends that the current matter puts OHI, a former client of Chaffe McCall, in direct conflict with Mississippi Space Services, a joint venture of The Shaw Group and Computer Sciences Corporation (collectively, "MSS"), a current client of Chaffe McCall. OHI argues there is a substantial relationship between Chaffe McCall's prior representation and the current litigation. Additionally, OHI argues that confidential information provided by OHI to lawyers at Chaffe McCall during the prior representation could be used to gain unfair advantage in the present case.

The current litigation arises out of a contract dispute between plaintiff and defendants. From 1999 to February 7, 2006, OHI and MSS maintained a contractual relationship to staff and manage the Stennis medical and wellness facilities. Plaintiff claims defendants wrongfully terminated the relationship due to an alleged failure to provide the attendance of a required physician at the Stennis Space Center on February 3, 2006. The parties also dispute the enforcement of a June 24, 2005 promissory note drafted to correct previous overpayments by MSS to OHI. Plaintiffs filed the instant complaint seeking damages for breach of contract,

tortious breach of contract, and bad faith.

Prior to the contract dispute, attorneys E. Howell Crosby and Michael D. Spencer of Chaffe McCall represented OHI in its defense of an age discrimination claim, *Equal Employment Opportunity Commission v. Occu-Health, Inc.*, No. 1:02-CV-00663 (S.D.Miss.).[1]  This matter was negotiated and settled by consent decree, dated October 6, 2004, in which OHI agreed to pay the claimant in three installments and provide training on the subject of age discrimination to its employees.  OHI later failed to pay these installments because of admitted financial difficulty and tax liability.  By court permission dated July 21, 2005, Chaffe McCall's counsel for OHI withdrew from this matter.

OHI contends that the current matter and the previous matter are substantially related in that OHI's financial status and business operations are at issue in both instances.  OHI further alleges that confidential communications regarding finances and businesses occurred between OHI and Chaffe McCall.  On information and belief, OHI states that MSS intends to use OHI's past financial status to support its defense of the wrongful termination claim and thereby gain an unfair advantage in the present case.  OHI swears that it never knowingly and intentionally consented to Chaffe McCall's representation of MSS.  Upon learning of the representation, OHI states that it requested Chaffe McCall to withdraw as counsel; however, Chaffe McCall declined to do so.

In response, defendants claim:

Before agreeing to represent MSS, Chaffe McCall consulted all relevant caselaw,

---

[1] Additionally, in both 2000 and 2005, Chaffe McCall had jointly represented MSS and OHI in collective bargaining negotiations with the IAM Local Lodge 2249.  However, plaintiff does not allege that this joint representation created a conflict of interest.

statutory authority, and representation history.  However, no conflict of interest exists and there is no imputed disqualification because the EEOC matter and the current contract dispute are not substantially related.  There is no risk of revealing confidential information obtained in the former representation, as Chaffe McCall did not provide legal advice to either OHI or MSS regarding the drafting of the contract, promissory note, or the alleged wrongful termination of the contract. Any information obtained during prior representation regarding finances and business operations are not relevant to the instant matter, as the instant matter involves only contract claims and calculation of the amount owed on the disputed promissory note.  Furthermore, OHI's financial information is not confidential, as OHI conveyed information about its financial status to contest its ability to comply with the consent decree in the EEOC matter.  Alternatively, in the course of Chaffe McCall's joint representation in the labor dispute negotiations, any confidentiality concerning financial information was waived.  After determining no conflict existed, Chaffe McCall attorney G. Philip Shuler attempted to contact Patricia McCullough of OHI to inform her of the representation in the present matter.  This attempted contact was mere courtesy and was not intended as a request to waive any conflicts.

## Law and Analysis

Under Local Rule 83.5 of the Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, this Court has adopted the Mississippi Rules of Professional Conduct.  *Owens v. First Family Financial Services, Inc.*, 379 F.Supp.2d 840, 845 (S.D. Miss. 2005). Rule 1.9 of the Mississippi Rules of Professional Conduct delineates a lawyer's duty of loyalty and confidentiality to former clients.  Absent former client consent, a lawyer shall not represent a current client with materially adverse interests to the former client in

the same or a substantially related matter.  A lawyer also may not use confidential information to the disadvantage of the former client.  It provides, in relevant part:

> Conflict of Interest: Former Client
> A lawyer who has formerly represented a client in a matter shall not thereafter:
> (a) represent another in the same or a substantially related matter in which that person's interests are materially adverse to the interest of the former client unless the former client consents to the consultation;
> (b) use information relating to the representation to the disadvantage of the former client except as Rule 1.6 would permit with respect to a client or when the information has become generally known.

Rule 1.10(a) of the Mississippi Rules of Professional Conduct provides that any conflicts of interest, including those arising under Rule 1.9, shall be imputed to lawyers associated in a firm:

> While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by rule 1.7, 1.8(c0, 1.9, or 2.2.

However, local rules alone are not the end of the inquiry.  While local rules are the most immediate source of guidance for deciding a motion to disqualify, national ethical rules are also relevant to this Court's determination.  The Court should also consider the standards of the profession, the public interest, and the litigants' rights to choice of counsel.  The following additional factors should be considered in the disqualification analysis: "whether a conflict has (1) the appearance of impropriety in general, or (2) a possibility that a specific impropriety will occur, and (3) the likelihood of public suspicion from the impropriety outweighs any social interests which will be served by the lawyer's continued participation in the case." *In re Dresser Indus.*, 972 F.2d. 540, 543-544 (5th Cir. 1992); *Owens*, 379 F.Supp.2d at 845.

The party seeking to disqualify former counsel bears the burden of proving: (1) the existence of an actual attorney-client relationship between the moving party and the attorney he

seeks to disqualify; and (2) a substantial relationship between the subject matter of the former and the present representations.  *Owens*, 379 F.Supp.2d at 845; *Pearson v. Singing River Medical Center, Inc.*, 757 F.Supp. 768, 711 (S.D. Miss. 1991); *Hartford Casualty Ins. Co. v. Halliburton Co.*, 826 So.2d 1206, 1221 (Miss. 2001); *In re American Airlines*, 972 F.2d 605, 614 (5th Cir. 1992).

Neither party disputes that attorneys Shuler, Spencer, and Crosby formerly represented OHI in the EEOC matter  (Pl. Memo at 2; Pl. Exhibit C-D; Def. Memo at 2).  At issue is whether there is a "substantial relationship" between the EEOC litigation and the current contract dispute.

The Fifth Circuit has noted that the "substantial relationship" test is not applied mechanically; rather, a court must inquire into the precise nature of the relationship between the present and former representation.  *In re American*, 972 F.2d at 614, (*quoting Duncan v. Merrill Lynch, Pierce, Fenner & Smith*, 646 F.2d 1020, 1027-28 (5th Cir. 1981), *overruled on other grounds*, *cert. den.*, 454 U.S. 895 (1981));  *Pearson*, 757 F.Supp. at 770 (*quoting Duncan*, 646 F.2d at 1027-29).  A "substantial relationship" may be found only after the moving party specifies the subject matters, issues, and causes of action common to the prior and former representation.  *Owens,* 379 F.Supp.2d at 845*, (citing  In re American Airlines,* 972 F.2d at 625)*.*

The cases *Owens v. First Family Financial Services, Inc.*, 379 F.Supp.2d 840, 845 (S.D. Miss. 2005) and *Spragins v. Huber Farm Service, Inc.*, 542 F.Supp. 166 (N.D. Miss. 1981) both illustrate relevant factual and legal authority.  In *Owens*, a "substantial relationship" between prior and current representation was found where mere cursory review of prior and current representation revealed that both were of the same subject matter: lending fraud.  The policies and procedures in both representations were nearly identical and involved similar fact patterns.

The text of both complaints were nearly identical. 379 F.Supp.2d at 845. By contrast, the court found no "substantial relationship" between the two allegedly conflicting representations in the *Spragins* case, as the current lawsuit related to alleged misrepresentations and the prior matter dealt with corporate formation. 542 F.Supp. at171-173.

      This court finds that the facts of this case bear more resemblance to those of *Spragins* than those of *Owens*. OHI argues generally that information relating to OHI's financial status and business operations, performance of the contract, and circumstances giving rise to the June 2005 Promissory Note between plaintiff and defendants are material to both matters (Pl. Memo 3, 7). In support of its contention that the two matters are "substantially related," OHI submits the affidavit of its sole shareholder and president, Patricia McCullough (Pl. Ex. 1), together with the Notice of Termination for Default dated February 6, 2006 (Pl. Ex. 1A); the June 24, 2005 Promissory Note with letters and balance sheets reflecting the amount over-billed by OHI which gave rise to the Note (Pl. Ex. 1B); correspondence between (Pl. Ex. 1C-D); a copy of the order permitting withdrawal of Chaffe McCall counsel in the EEOC matter (Pl. Ex. 2); and a listing of Chaffe McCall attorneys obtained from the firm website (Pl. Ex. 3). While these exhibits support the general contention that there are financial issues in the current case and that Chaffe McCall attorneys formerly represented OHI and remain employed in the firm, they do not support that there is any substantial relationship between the two representations. Viewed together, these exhibits show a merely tangential relationship between the two matters.

      OHI additionally argues that both representations involved operations at the same facility and that the length and intimacy of the relationship between OHI and Chaffe McCall warrants disqualification. MSS counters that Chaffe McCall's services occurred in only two prior matters,

both of which were unrelated to the present controversy (Def. Ex. 1, 4).  Although both matters arose out of operations at the same facility, the Stennis Space Center, the EEOC matter arose out of a suit for age discrimination and subsequent inability to pay settlement claims, while the current matter arose out of alleged defaults on an unrelated contract and promissory note.

By contrast, the information submitted by defendants supports the notion that there is no "substantial relationship" between these two matters. Copies of the complaints in both matters reveal different fact patterns, claims, and issues at stake  (Def. Exs. 2, 4).  Defendants also submit copies of the October 2004 consent decree, the motion for sanctions and specific performance of the decree,  and communications leading thereto (Def. Exs. 6).   While finances are at issue in both cases, and the two cases in a broad sense involve operations at the same facility, there is nothing else offered to support the notion that these matters are related in any closer degree.

Once a substantial relationship is established, confidential disclosure is presumed. *Duncan,* 646 F.2d at 1028, *Williams v. Bell*, 793 So.2d 609, 612 (Miss. 2001).  Rule 1.6 of the Mississippi Rules of Professional Conduct prohibits an attorney from revealing confidential information obtained in the course of representing a client which a lawyer has reason to believe may be detrimental to the client or which the client has requested not be disclosed.  However, a party who voluntarily discloses specific facts in court proceedings should be precluded from protesting use of the same information by his former counsel.  *Spragins*, 542 F.Supp. at 172.

Because these cases are not substantially related, confidential disclosure from the prior representation is not presumed.  Thus, at issue here is whether the financial and business information communicated in the EEOC matter is protected by attorney-client privilege or the

duty of confidentiality. OHI asserts that, prior to filing the breach of contract suit, communications from MSS's then-counsel Carl Peckinpaugh indicated that MSS intended to use OHI's financial status to defend its claim (Pl. Memo 7).  However, plaintiff submits no proof of these alleged communications from Peckinpaugh.  In opposition, MSS submits a copy of the Order to Show Cause for failure to comply with the consent decree in the EEOC matter with all relevant communications leading to the issuance of this order, including financial reports sent to the EEOC by OHI itself in support of its inability to pay the settlement.  In these communications, OHI stated that its "economic condition is dire" and it faces Internal Revenue Service liability (Def. Ex.6).  This information became a matter of record in the EEOC case.  Thus, any confidential information concerning OHI's financial status was not protected.

    Looking beyond the Mississippi Rules of Professional Conduct and the caselaw interpreting them, the standards of the profession, public interest, and litigants' right to choice of counsel permit Chaffe McCall's continued participation in this case.  The evidence submitted does not support an appearance of impropriety in general, the possibility of impropriety, or the likelihood of creating public suspicion which will outweigh any social interests served by Chaffe McCall's continued participation in the case.

    In light of the foregoing, Plaintiff's [9] Motion to Disqualify is hereby DENIED, as Plaintiff has not submitted adequate proof that the EEOC litigation and the current matter are substantially related.  As the two representations are not substantially related, confidential disclosure is not presumed.  Plaintiff does not submit adequate proof that any information communicated in the prior representation is confidential and would thus create an unfair advantage in the present litigation.  Chaffe McCall's continued participation in this case does not

create or pose the likelihood of creating any impropriety.

SO ORDERED, this the 9th day of August, 2006.

*s/ Robert H. Walker*
UNITED STATES MAGISTRATE JUDGE