IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **OCCU-HEALTH, INC.** | § | **PLAINTIFF** |
| | § | |
| v. | § | Civil Action No. 1:06CV159LG-JMR |
| | § | |
| **MISSISSIPPI SPACE SERVICES, ET AL.** | § | **DEFENDANT** |

**MEMORANDUM OPINION AND ORDER DENYING
DEFENDANTS' MOTION TO DISMISS**

BEFORE THE COURT is a Motion to Dismiss Plaintiff's First Amended Complaint filed pursuant to FED. R. CIV. P. 12(b)(6) on May 9, 2006, by Mississippi Space Services, the Shaw Group and Computer Sciences Corporation. Plaintiff has filed a response and Defendants thereafter filed a rebuttal. After careful consideration of the submissions and the relevant law, it is the Court's opinion that the Defendants' Motion should be denied.

**FACTS AND PROCEDURAL HISTORY**

In 1998, Occu-Health ["OH"] and Mississippi Space Services ["MSS"], in a joint effort, secured the bid for the Facilities Operation Services Contract ["FOS"] at Stennis Space Center. In 1998, the parties entered into a subcontract agreement to procure the medical facilities and provide the health and wellness services portion of the FOS. The subcontract outlined the duties and obligations of the respective parties and included Section H.31, a provision governing disputes. In addition, the following termination provision was incorporated:

**52.249-6 Termination (Cost-Reimbursement)**.
    As prescribed in 49.503(a)(1), insert the following clause:
        TERMINATION (COST-REIMBURSEMENT) (SEP 1996)

    (a) The Government may terminate performance of work under this contract in whole or, from time to time, in part, if–

>   (1) The Contracting Officer determines that a termination is in the Government's interest; or
>
>   (2) The Contractor defaults in performing this contract and fails to cure the default within 10 days (unless extended by the Contracting Officer) after receiving a notice specifying the default. "Default" includes failure to make progress in the work so as to endanger performance.
>
>   (b) The Contracting Officer shall terminate by delivering to the Contractor a Notice of Termination specifying whether termination is for default of the Contractor or for convenience of the Government, the extent of termination, and the effective date. If, after termination for default, it is determined that the Contractor was not in default or that the Contractor's failure to perform or to make progress in performance is due to causes beyond the control and without the fault or negligence of the Contractor as set forth in the Excusable Delays clause, the rights and obligations of the parties will be the same as if the termination was for the convenience of the Government.

*48 C.F.R 52.249-6(b).*

Performance of the contract began on September 1, 1999. On February 3, 2006, the medical clinic serving Stennis Space Center was without a physician. OH had a physician on site the following Monday, February 6, 2006. On that same day, MSS sent OH a letter informing them that they were in default of the subcontractor agreement. OH protested this finding and noted the contract language permitting OH ten days to cure any alleged default. MSS refused to rescind the termination of the subcontract.

Occu-Health filed a complaint in this Court on March 2, 2006. A first amended complaint was thereafter filed on March 30, 2006, alleging two theories of liability against the Defendants: 1) the action of MSS in terminating the subcontract for default was improper and a breach of contract; and 2) said actions on the part of MSS were without justification and/or a reasonable basis and therefore amount to a tortious act.

## **LAW & ANALYSIS**

FED. R. CIV. P. 12(B)(6) STANDARD OF REVIEW:

In considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), the district court must accept all well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker v. Putnal* , 75 F.3d 190, 196 (5th Cir. 1996), *citing McCartney v. First City Bank,* 970 F.2d 45, 47 (5th Cir.1992).  "[T]he court may not look beyond the pleadings in ruling on the motion." *Baker*, 75 F.3d at 197.  The subcontract, which is attached to the Complaint, is considered part of the pleading because it is central to the cause of action for breach of contract.  *Sennett v. U.S. Fidelity & Guar. Co.,* 757 So.2d 206, 209 (Miss. 2000); *see also Causey v.  Sewell Cadillac-Chevrolet, Inc.,* 394 F.3d 285 (5th Cir.  2004); *Lovelace v. Software Spectrum Inc.,* 78 F.3d 1015, 1017-18 (5th Cir.  1996)([i]n deciding a motion to dismiss the court may consider documents attached to or incorporated in the complaint and matter of which judicial notice may be taken).  A dismissal pursuant to FED. R. CIV. P. 12(b)(6) is warranted only if " it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief."  *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-02, 2 L.Ed.2d 80 (1957); *see also Clark v. Amoco Production Co.,* 794 F.2d 967, 970 (5th Cir. 1986)("to qualify for dismissal under Rule 12(b)(6), a complaint must on its face show a bar to relief.")

MSS moves the Court to dismiss the complaint pursuant to FED. R. CIV. P. 12(b)(6) as premature due to OH's alleged failure to comply with the termination procedures set forth in the contract.  *Motion to Dismiss at p.1*. OH contends that the complaint, as amended, is not premature as the requirements of the subcontract governing disputes have been met.  OH denies

breaching the agreement and further states that any alleged breach was cured pursuant to the subcontract provisions. Alternatively, MSS moves to dismiss on the grounds that the terms of the subcontract prohibit Plaintiff's cause of action for tortious breach of contract.

The Rules "do not require a claimant to set out in detail the facts upon which he bases his claim. Under Rule 8, all that is required is 'a short and plain statement of the claim' that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson,* 355 U.S. 41, 47, 78 S.Ct. 99, 103, (U.S. 1957)(footnote omitted) (quoting FED. R. CIV. P. 8(a)(2)). In the present case, the parties dispute whether with the terms of the contract were complied with. A reviewing court should seek the legal purpose and intent of the parties from an objective reading of the words employed in the contract to the exclusion of parol and extrinsic evidence. Courts are not at liberty to infer an intent contrary to that emanating from the text at issue. *Cooper v. Crabb, Federal Ins. Co.* 587 So.2d 236, 241 (Miss. 1991).

In the present case, the pleadings do not fully disclose the facts and circumstances surrounding Plaintiff's allegations of breach and alleged cure and the ultimate rescission of the contract. Moreover, while the subcontract at issue contains section H. 31, which governs disputes, and 48 C.F.R. 52.249-6, which governs termination, the parties dispute whether these conditions of the contract were performed prior to filing the instant case. In *Morrone Co. v. Barbour,* consideration of extrinsic evidence in ruling on a motion to dismiss a breach of contract claim was determined to be improper where the complaint alleged a failure to comply with conditions precedent in the contract. The Court ultimately denied a motion to dismiss the counter-claim filed pursuasnt to FED. R. CIV. P. 12(b)(6)). *Morrone*, 241 F.Supp.2d 683, 689 (S.D.Miss. 2002).

This Court, after an objective reading of the contract agreement and pleadings on file and applying the legal standards enumerated above is unable to conclusively state that Plaintiff is unable to establish a breach of contract claim.  Accordingly, dismissal pursuant to FED. R. CIV. P.  12(b)(6) is not warranted at this juncture.

**IT IS THEREFORE ORDERED AND ADJUDGED** the Motion filed by the Defendants on May 9, 2006, [11-1] should be and is **DENIED.**

**SO ORDERED AND ADJUDGED** this the 30th day of March, 2007.

s/ *Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE